# Charles W. Klemm v. W. J. Bishop et al.

1. SHERIFFS—*Action for a Failure to Levy an Execution—Defense.*—
It is a good defense to an action on the bond of a sheriff for a failure to
levy an execution that the property which the plaintiff in execution
sought to have levied upon was not the property of the defendant in
execution.

2. SAME—*Burden of Proof When Indemnity is Offered.*—Where, in an
action upon a sheriff's bond for a failure to levy an execution upon cer-
tain property when indemnity is offered, the fact that the property
sought to be levied upon was not the property of the defendant in the
execution is relied upon as a defense, the burden of proving such defense
is upon the defendant.

3. SALES—*Inadequate Consideration—Fraud.*—A sale of property
can not be branded with fraud upon the sole ground that the considera-
tion is inadequate.

4. SAME—*Of Partnership Assets by One Member of a Firm.*—A sale
made by one partner of the assets of a firm in payment of a *bona fide*
existing firm debt to a creditor, without notice, is valid, and a fair sale
made in good faith to an existing *bona fide* creditor by one partner with-
out the consent of the other, may, under circumstances of notice to the
purchaser, be questioned by the non-assenting partner, but it is good as
to all third persons.

5. PREFERENCES—*Right of Creditors to Seek.*—A creditor has the
right to seek and obtain from his debtor a preference for the payment
of his own debts to the exclusion of other creditors, without the imputa-
tion of fraud upon either party.

6. SALE OF GOODS—*Debtor to Creditor—Subsequent Promises.*—The
fact that after the completion of an absolute, unconditional and valid
sale and delivery of property, promises are made to the vendor to give
him the proceeds of the sale of the property in excess of a certain
amount, does not operate retroactively upon the sale and avoid it in
favor of a creditor of the vendor.

**Memorandum.**—Debt. In the Circuit Court of McLean County; the
Hon. THOMAS F. TIPTON, Judge, presiding. Declaration on a sheriff's
bond; plea that the goods and chattels were not the goods and chattels of
the defendants in execution; jury waived and trial by court; judg-
ment for defendants; appeal by plaintiff. Heard in this court at the
November term, 1894, and affirmed. Opinion filed February 11, 1894.

## STATEMENT OF THE CASE.

On the 12th day of January, 1894, Miss Annie Straley
and Mrs. Hattie Schlagel executed a judgment note, as part-

ners, to the appellant. He caused a judgment to be entered thereon on the same day, in the County Court of McLean County, and procured an execution to issue thereon, which he placed in the hands of appellee, Bishop, then sheriff of that county. He desired that the sheriff should levy upon a stock of millinery goods, then in the possession of H. H. Newell, and who claimed to hold for himself and others, as owners. The sheriff refused to so levy the execution, and returned it " no property found," though the appellant tendered a sufficient bond of indemnity. This was an action in debt by appellant, upon the bond of the sheriff, for failing to levy the execution, whereby, as appellant alleged, he lost his debt. The defense was that the millinery goods did not belong to the defendants in the execution, and were not subject to the lien thereof. Whether Newell, and the others for whom he held possession, were the owners of the goods, as against the execution, was the principal question of fact. Newell claimed title to them by purchase from the judgment debtors, prior to the rendition of the judgment. The appellee contended that the goods were transferred to Newell by one only of the partners, for a grossly inadequate price, and with the secret agreement that they should be sold by Newell, and the proceeds above the purchase price, returned to the partners, and that the transaction was therefore fraudulent as to other creditors of the firm. The case was heard by the court without a jury. Issue found for the defendants below and judgment accordingly. Appeal by the plaintiff below.

Appellant's Brief, Pollook & Condon and Rowell, Neville & Lindley, Attorneys.

A conveyance of property, absolute on its face, but really intended only as a mortgage or security, is valid as between the parties ; but the settled doctrine is that such a transfer of property is fraudulent, and void as to creditors. Beidler v. Crane, 135 Ill. 98.

APPELLEES' BRIEF, KERRICK & SPENCER AND W. K. BRACKEN, ATTORNEYS.

The levy of the sheriff upon the property of B, by virtue of a writ against A, is a breach of his bond. Jones v. The People, 19 Ill. App. 300.

A sheriff, it is true, is bound to take property when it is pointed out to him by the plaintiff as belonging to the defendant, if it be his in fact, although it may be doubtful at the time whether it is so or not. If the plaintiff offers to indemnify him and if he should refuse in such case, after an indemnity is offered, to proceed against the property under an execution, and the plaintiff in a suit brought against the sheriff for not having so proceeded, should show clearly that the defendant in the execution was the owner of it at the time, the plaintiff would be entitled to recover, but not otherwise. So that the sheriff, if he refuses to take and sell the property, after being offered an indemnity by the plaintiff, takes the risk and responsibility on himself of showing that the property did not belong to the party named in the execution, and this is the most that can be claimed of him. Commonwealth v. Wotmough, 6 Whart. (U. S.) 140; Commonwealth v. Van Dyke, 57 Pa. St. 38.

It is only a grossly deficient consideration that will render a conveyance fraudulent as to creditors. Monell v. Sherick, 54 Ill. 261; Holbert v. Graves, 4 Mon. (Ky.) 583; Hessing v. McCloskey, 91 Ill. 487; Lloyd v. Higbee, 25 Ill. 673; Haney v. Nugent, 13 Wis. 315.

A person, though insolvent and embarrassed financially, may sell his property to pay his debts. Wood v. Shaw, 29 Ill. 444.

A debtor can sell his property for a fair price, even if he sells it with the avowed intention of defeating an honest claim, if no lien exists to forbid it. Waddams v. Humphreys, 22 Ill. 663.

A partnership may prefer creditors in all cases where an individual may do so. Hanchett v. Gardner et al., 138 Ill. 571.

MR. JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

It is a good defense to an action on the bond of a sheriff for failure to levy an execution that the property which the plaintiffs in the execution sought to have levied upon was not the property of the defendant in the execution. 22 Amer. & Eng. Ency of Law, p. 544, and cases cited in note 3. When, as in the case at bar, indemnity is offered, the sheriff, in order to establish the defense, must prove that the property did not belong to the judgment debtor. 22 Amer. & Eng. Ency of Law, *supra.*

As establishing this ground of defense, the sheriff (appellee) introduced in evidence a bill of sale to which was attached the signature of the firm and which was also signed by the members of the firm (defendants in the execution), showing a sale of the goods in question to H. H. Newell, John Thess and John Nickerson for the sum of $350, and proved that possession of the goods passed under the said bill of sale to said Newell, Thess and Nickerson some two weeks before the judgment in favor of the appellant was confessed. The appellant contended that the sale was fraudulent and void as to creditors, because (1) the consideration was grossly inadequate; (2) that the sale was negotiated with but one of the partners in the bill of sale in payment of claims amounting to $350, due to them from the firm; (3) that the sale was upon condition that the goods should be sold by the vendees named in the bill of sale and the proceeds applied as far as necessary to the payment of the claims of Newell, Thess and Nickerson against the firm and the remainder returned to the members of the firm. The trial court rightly held that under the evidence the sale could not be branded as fraudulent upon the ground that the consideration was inadequate. It appeared that the vendees retained the stock of goods for more than two weeks, during which time they sought diligently to secure a buyer and finally closed out the entire stock at $400. Miss Straley testified that, in her opinion, the goods were worth much more, but two witnesses, both milliners, were of opinion that $400 was their full value. As to the second and third grounds

of attack upon the validity of the sale it appeared that Mrs. Schlagel, in the absence of her partner, sold and delivered the goods to the purchaser in payment of *bona fide* debts due them from the firm. She executed a bill of sale in the name of the firm, and also signed her name to it and delivered it and the goods to the purchasers. It is not contended that any secret agreement was made with her or that any promises were given to her to return the excess of the proceeds of the sale to her and partner or either of them. It was an absolute, unconditional and completed sale so far as one member of the firm could lawfully conclude such a transaction. The power of a partner in this regard seems to be settled in this State by the case of Hanchett v. Gardner et al., 138 Ill. 591, where it was said: "The rule is a just one, and supported by the weight of authority, and is that a sale made by one partner of the assets of a firm in payment of a *bona fide* existing firm debt to a creditor without notice, is valid, and that a fair sale made in good faith to an existing *bona fide* creditor by one partner without the consent of the other may, under circumstances of notice to the purchaser or transferee be questioned by the non-assenting partners, but it is good as to all third persons." In the same case it was ruled that a creditor has the right to seek and obtain from his debtor a preference for the payment of his own debts to the exclusion of other creditors, and that without the imputation of fraud upon either party. Appellant, however, claims that the signature of the other partner, Miss Straley, was obtained to the bill of sale under secret contract and agreement that the members of the firm reserved and were to receive the proceeds of any sale made of the goods in excess of the amounts of the debts due from the firm to the transferees. There was evidence tending to show that after the execution of the bill of sale and the delivery of the goods to the transferee by one partner that some such promises were made to the other partner, or perhaps at other later times, to both partners. But this was after the completion of an absolute, unconditional and valid sale and delivery of the goods. Whether whatever

was done and said after the sale had been so completed may be availed of by the partners as against the transferee need not be considered. It is certain it could not operate retroactively upon the sale and avoid it in favor of and upon the application of a creditor of the firm.

The propositions of law held by the court covered the legal principles sought to be presented in the propositions that were refused, so far as they were applicable to the case.

No reasons appear for interference with the judgment. It will be affirmed.